**SAGINAW MOBILE TELEPHONE SYSTEM, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

PacTel Cellular of Saginaw, Inc., Intervenor.

No. 89–1295.

United States Court of Appeals, District of Columbia Circuit.

Argued March 9, 1990.

Decided March 21, 1990.

William H. Crispin, with whom Paul C. Besozzi and Stephen Diaz Gavin, Washington, D.C., were on the brief, for appellant.

David Silberman, Counsel, Federal Communications Commission ("FCC"), with whom Robert L. Pettit, General Counsel, and Daniel M. Armstrong, Associate General Counsel, FCC, Washington, D.C., were on the brief, for appellee. Diane S. Killory and Roberta Cook, Counsel, FCC, Washington, D.C., also entered appearances for appellee.

Carl W. Northrop, with whom Stephen D. Hayes, Washington, D.C., was on the brief, for intervenor.

Before BUCKLEY, WILLIAMS, and D.H. GINSBURG, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was heard on the record from the Federal Communications Commission ("FCC") and was briefed and argued by counsel. Though the issues presented occasion no need for an opinion, we have accorded them full consideration.

The Saginaw Mobile Telephone System ("SMTS") and Intercontinental Communications/Cellular, Inc. ("Intercontinental") both applied to the FCC for a permit to construct a cellular telephone communications system for the Saginaw, Michigan Metropolitan Statistical Area. Intercontinental won the FCC's lottery for the permit, and SMTS came in second. SMTS challenged Intercontinental's application on the grounds that it had not demonstrated a reasonable assurance of sufficient financing to enable it to construct and operate the Saginaw facility as required by FCC rules. *See Advanced Mobile Phone Serv., Inc. (Chicago)*, 91 F.C.C.2d 512, 514, 516–17 (1982). The FCC ultimately rejected SMTS's challenge and granted Intercontinental's application. *Intercontinental Communications/Cellular, Inc.*, 4 FCC Rcd 2702 (1989). SMTS appeals from this order. PacTel Cellular of Saginaw, Inc., successor-in-interest to Intercontinental, appears as an intervenor in support of the FCC's position.

The purpose of the "reasonable assurance" provision is to demonstrate an applicant's ability to secure the financing required to build and operate the project applied for. Among the documents submitted by Intercontinental in support of its application was a letter from The Palmer National Bank ("PNB"), dated July 12, 1984, undertaking to make up to $16,000,-000 available for Intercontinental's various

cellular telecommunications applications; an affidavit of PNB's president, dated November 6, 1986, describing PNB's successful experience in the syndication of substantial loans; and a letter from First American Bank, dated October 10, 1986, confirming its willingness to participate with PNB in financing the construction of the Saginaw cellular telephone system.

The court finds that these documents, taken together, were sufficient to permit the Commission to reasonably conclude that Intercontinental would be able to secure the $1,122,000 required to meet the projected cost of the Saginaw project. It is therefore

ORDERED AND ADJUDGED by this court that the FCC's order appealed from herein be affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir.Rule 15.